## Wiles v. Armstrong School District

*John J. Vierthaler,* for appellants.
*Robert E. Pryde,* contra.

HOUSE, P. J., July 19, 1974.—By stipulation of the parties, this matter is to be considered and disposed of as an appeal from the action of the Armstrong School District and/or Richard Stottlemyer, Superintendent of the Armstrong School District, in refusing to permit appellants to have access to a list of kindergarten pupils enrolled in the district for the coming school year. This matter is submitted to the court for decision upon a stipulation of facts and with all formal defects of form and/or procedure waived by the parties. Said stipulation was entered and oral argument heard on July 18, 1974.

The operative facts may be summarized as follows:

The Armstrong School District has heretofore operated the kindergarten program with pupils attending school for one-half of each regular school day. Roughly, half of the kindergarten student body attended morning sessions and half the afternoon sessions. In preparing its budget for the 1974-75

school year, the Armstrong School District so arranged its proposed spending as to eliminate split-day kindergarten sessions and to substitute therefor a plan whereby kindergarten pupils would attend full-day sessions when in school. This would mean that such pupils would go to school only on certain days, or in certain weeks, or in certain months, but would attend full-day sessions at those times.

This proposed change in the traditional kindergarten program has aroused the concern of some citizens, including appellants. These citizens and, specifically appellants, have expressed their concern to the Superintendent of the Armstrong School District and to members of the school board. In addition, appellants have asked the superintendent and/or the school board to provide them with a list of the kindergarten pupils enrolled for the next school term which commences in August or September 1974. Appellants have stated that their purpose in obtaining such a list would be to contact and mobilize the parents of kindergarten enrollees in opposition to this proposed change in kindergarten operations. The superintendent and/or the school board have refused to supply the list or to make it available to appellants for copying. Hence, this appeal was taken.

## ISSUE

May the Armstrong School District withhold from a citizen a list of kindergarten pupils enrolled for the ensuing school year upon the assertion that such a list is not a "public record" as that term is defined in the Right to Know Act and/or for the reason that such a list falls within one of the exceptions to the Right to Know Act?

## DISCUSSION

The General Assembly of this Commonwealth has long recognized the desirability and necessity of according to citizens the right to inquire into the operations of the government of the Commonwealth and the operations of its component public agencies and political subdivisions. In recognition of the desirability of fostering a well-informed citizenry, the General Assembly enacted the so-called Right to Know Act of June 21, 1957, P. L. 390, as amended, 65 PS §66.1, et seq.

Section 2 of this act provides that "Every public record of an agency shall, at reasonable times, be open for examination and inspection by any citizen of the Commonwealth of Pennsylvania."

It appears to be undisputed that Armstrong School District is an "agency" as that term is defined in the pertinent Act of Assembly.

Section 1 of the act, (65 PS §66.1(2)), defines "public record" as "Any account, voucher or contract dealing with the receipt or disbursement of funds by an agency or its acquisition, use or disposal of services or of supplies, materials, equipment or other property and any minute, order or decision by an agency fixing the personal or property rights, privileges, immunities, duties or obligations of any person or group of persons."

There is a certain paucity of appellate decisions interpreting the scope of the above definition of "public record," but those which do exist indicate that the appellate courts have given a broad interpretation to this term.

Thus, in McMullan v. Wohlgemuth et al., 453 Pa. 147 (1973), the court found that a list of welfare recipients was encompassed within the definition of "public record." Also, in Friedman v. Fumo, 9 Comm. Ct. 609

(1973), the court found that the list of names of persons who had taken an examination for certification as certified public accountants came within the definition of "public record."

In Friedman, the court stated:

"We perceive no distinction between the records of names of persons on welfare and lists of names of persons who have taken accountancy examinations."

In the case at bar, the appellee school district urges that there is a difference between lists of kindergarten enrollees and lists of welfare recipients or certified public accountant examinees. It appears to be the position of the school district that the lists of kindergarten enrollees do not fix the personal or property rights, privileges, immunities, duties or obligations of any person or group of persons. In our opinion, this argument does not stand close analysis.

The list of prospective kindergarten enrollees is compiled annually by the school district for the purpose of enabling it to carry out that part of its legislatively mandated function which relates to the education of children falling within a certain age group. On the basis of these lists, a determination must be made, albeit at the clerical level, as to the location of the school which the child will attend, the child's room assignment, the transportation, if any, to which the child is entitled and the particular session or sessions to which the child will be assigned. Even more fundamental is the fact that the mere compilation of this list of names involves a decision, albeit perhaps tentative, that the children whose names appear on the list are eligible to enter kindergarten. We need labor this point no further because it is apparent that these lists do, to a greater or lesser extent, fix the personal rights, privileges, immunities, duties or obligations of a group of persons.

However, the Armstrong School District raises a further question: Does the list of pupils come within the exception to the act which excludes the public from access to records which "would operate to the prejudice or impairment of a person's reputation or personal security . . . ."? It seems to be the contention of the school district that plaintiffs may use these lists in a way which will constitute harassment of the parents of kindergarten enrollees.

It is not necessary to discuss the pros and cons of this contention except to point out that the operative phrase used in the act is "would operate" and there is nothing in and of itself in a list of names of enrollees which "would operate" to "prejudice or impair" anyone's reputation or personal security: Friedman v. Fumo, supra.

The Legislature has not seen fit to limit the use to which a citizen may put information which is obtained under the Right to Know Act. Thus, it may even be used for commercial purposes although the appellants in the case at bar have expressly disavowed any intention to so use the list of kindergarten enrollees. The only time that a public agency may withhold public records is where the record itself contains matter which would operate to prejudice or impair the reputation or personal security of a person or group of persons: Friedman v. Fumo, supra.

In conclusion, we observe that it has been the custom of the Armstrong School District to publish lists of kindergarten enrollees in the newspapers together with room assignments and class schedules prior to the start of school in the fall. While that fact does not automatically qualify such a list as a "public record," it does dispel any idea that making the list public has operated to the prejudice or impairment of anyone's

personal security or that the list is cloaked with any degree of confidentiality.

This court holds, therefore, that the list of kindergarten enrollees is a public record of the Armstrong School District, a public agency and that this list does not come within any exception to the Right to Know Act nor is it subject to any other specific statutory prohibition.

Accordingly, we enter the following

### ORDER

And now, July 19, 1974, the appeal of Richard L. Wiles and Edith N. Hiles is sustained; and it is ordered and directed that Armstrong School District and/or Richard Stottlemyer, Superintendent, shall permit said appellants to examine and inspect a copy of the list or lists of the names and addresses of pupils enrolled in kindergarten in the district for the coming school year forthwith.